DEANNA ELDRETH, BY HER NEXT FRIEND, O. V. DENTON v. CHARLES RAY ELDRETH, JR.

(Filed 20 November 1963.)

APPEAL by defendant from *McConnell, J.,* at Chambers in Asheboro, North Carolina, 11 April 1963. From RANDOLPH.

Civil action for alimony without divorce. On 11 April 1963, after due notice, a hearing was held for alimony *pendente lite,* counsel fees, and temporary custody and support of the minor child born of the marriage.

The plaintiff and the defendant were married on 6 November, 1961, and the minor child, Michael Rennie Eldreth, was born on 27 February 1963. The parties separated in November 1962.

At the time of the hearing the plaintiff was living with her parents in the City of Bristol, Virginia, and had custody of the minor child. At the hearing below the defendant moved to continue the hearing until the plaintiff and the minor child were before the court. Motion denied.

The court heard evidence, found facts, and awarded counsel fees, temporary alimony and support for the minor child, and awarded temporary custody of the minor child to the plaintiff until the 27th day of May 1963 or until the further order of the court.

The court further ordered that the defendant pay into the court the sum of $30.00 for the use and benefit of the plaintiff in making the trip from Bristol, Virginia, to Asheboro, North Carolina, on 27 May 1963, to attend a further hearing on the matters involved, it appearing that plaintiff was without funds to make the trip.

From the foregoing order the defendant appeals, assigning error.

*Ottway Burton for plaintiff appellee.*

*Linwood T. Peoples for defendant appellant.*

PER CURIAM. The order entered below was a temporary one, subject to modification by the judge assigned to hold the session of the Superior Court of Randolph County, North Carolina, beginning on 27 May 1963. This further hearing was granted on motion of the defendant in order that he might cross-examine the plaintiff concerning the reasons for their separation.

No prejudicial error has been shown that would justify setting aside the temporary order pending another hearing.

Affirmed.